UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11516

| | |
|---|---|
| SHAUL HAVIVYAN d/b/a <br> MARESHA ESTATE WINERY, <br>    Plaintiff, <br><br> v. <br><br> KING DAVID WINES LLC, <br>    Defendant. | COMPLAINT & <br> JURY DEMAND |

## PARTIES

1. The Plaintiff, Shaul Havivyan d/b/a Maresha Estate Winery ("Plaintiff" or "MEW"), is a sole proprietorship with a business address of Zrakya 36, Israel 79520.

2. The Defendant, King David Wines LLC ("Defendant" or "KDW"), is a limited liability company with a principal place of business at 177 Gulf Road, South Dartmouth, Massachusetts 02748.  Its Managers are Alan Jeffrey Weinshel and David Aaron Weinshel, and its Resident Agent is Gale Weinshel, all of whom are located at the same address as KDW, 177 Gulf Road, South Dartmouth, Massachusetts 02748.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C § 1332(a)(2), as the present case is a civil action between a citizen of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000.

## FACTS

4. On or about March 2, 2020, MEW shipped 4,092 bottles of wine to Defendant at an agreed price of $30,216.00, as reflected on an invoice. To date, the only amount KDW has paid toward its balance was a payment of $6,000.00 on September 14, 2021, leaving a principal contract balance of $24,216.00.

5. Although MEW has repeatedly demanded payment, KDW has repeatedly acknowledged its debt, and KDW has repeatedly promised to pay the remaining contract balance, it has made no payment since September of 2021, only offering a series of untrue and nonsensical excuses and false promises.

6. On one occasion, MEW's representative flew all the way to Boston for a meeting with KDW's representative, who then failed to attend the meeting, claiming that he was in Miami.

7. As set forth on the invoice, the contract price of $30,216.00 was based on promotional prices which included discounts totaling $11,592.00, which contemplated timely payment. Accordingly, damages also include this discount amount of $11,592.00.

8. In addition, the fair market price of the wine at issue, as well as the actual market price for which Defendant has sold and continues to sell Plaintiff's wine, are more than four (4) times the principal contract price. Accordingly, damages also include this differential, which exceeds $92,503.00.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiff hereby incorporates Paragraphs 1 through 8 above.

10. Defendant has breached its contractual obligations by, *inter alia*, failing to pay its contract balance, breaching the covenant of good faith and fair dealing, and engaging in the bad faith conduct described in this complaint, including an unfair and deceptive scheme to induce MEW to deliver tens of thousands of dollars' worth of wine for which KDW never intended to pay, in violation of M.G.L. c. 93A.

11. Plaintiff has made due and proper demand for Defendant to honor its contractual obligations, but Defendant has failed, refused, and neglected to do so.

12. As a direct and proximate result of Defendant's breaches of contract, Plaintiff has incurred substantial and continuing damages, including but not limited to the principal damages set forth in Paragraphs 4, 7 and 8 above.

## COUNT II
## BREACH OF IMPLIED CONTRACT

13. Plaintiff hereby incorporates Paragraphs 1 through 12 above.

14. Plaintiff undertook in good faith to provide substantial amounts of wine to Defendant, with a reasonable expectation that Defendant would pay Plaintiff.

15. Defendant, having reason to believe that Plaintiff was acting on such expectation, permitted and accepted Plaintiff's wine without objection.

16. Therefore, Plaintiff has a contract implied-in-fact with Defendant.

17. As a direct and proximate result of Defendant's breach of implied contract, Plaintiff has incurred substantial and continuing damages, including but not limited to the principal damages set forth in Paragraphs 4, 7 and 8 above.

## COUNT III
## UNJUST ENRICHMENT (*QUANTUM MERUIT*)

18. Plaintiff hereby incorporates Paragraphs 1 through 17 above.

19. Defendant has been unjustly enriched by Plaintiff's furnishing of substantial amounts of wine, but has not adequately compensated Plaintiff.

20. As a direct and proximate result of the Defendant's unjust enrichment, Plaintiff has incurred substantial and continuing damages, including but not limited to the principal damages set forth in Paragraphs 4, 7, and 8 above.

21. Equity and good conscience require judgment against the Defendant in an amount to be determined at Trial.

## COUNT IV
## UNFAIR TRADE ACTS

22. Plaintiff hereby incorporates Paragraphs 1 through 21 above.

23. At all times relevant hereto, the Plaintiff and the Defendant were engaged in commerce within the meaning of M.G.L. c. 93A.

24. It has become apparent that Defendant did not act in good faith in connection with the parties' agreements.

25. The above described bad faith conduct, breaching the covenant of good faith and fair dealing, fraudulent scheme to induce MEW to deliver tens of thousands of dollars' worth of wine for which KDW never intended to pay, breach of contract, breach of implied contract, and unjust enrichment constitute unfair and deceptive acts and practices in violation of M.G.L. c. 93A §§ 2 and 11, which were knowingly and willfully performed.

26. As a direct and proximate result of the Defendant's unfair or deceptive acts and practices, Plaintiff has incurred substantial and continuing damages, including but not limited to the principal damages set forth in Paragraphs 4, 7 and 8 above.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

**WHEREFORE,** the Plaintiff, Shaul Havivyan d/b/a Maresha Estate Winery, hereby respectfully demands:

(1) Judgment against the Defendant, King David Wines LLC, in an amount to be determined at trial, plus interest, costs, reasonable attorneys' fees, and treble damages pursuant to M.G.L. c. 93A.

(2) Such additional relief as the interests of justice and equity demand.

Respectfully submitted,
The Plaintiff,
Shaul Havivyan d/b/a Maresha Estate Winery,
By its Attorneys,

Dated: September 15, 2022

/s/ Louis Movitz
BBO #564780
lou.movitz@verizon.net
Alan L. Packer, BBO # 386830
PACKER AND MOVITZ, P.C.
27 Mica Lane, Ste. 202
Wellesley, MA 02481-1741
(781) 235-3000

LM\MW\Complaint Federal